■ In the Matter of REGINALD A. SCOTT, Respondent, v. DONALD BELLAMY et al., Constituting the Zoning Board of Appeals of the Town of Glenville, Appellant.— AULISI, J. Appeal from a judgment of the Supreme Court at Special Term, entered July 1, 1968, in Schenectady County, which annulled a determination of the appellant Zoning Board and granted respondent's application for a variance of use. Petitioner owns a lot 145 feet by 300 feet on heavily travelled New York State Route 50 in the Town of Glenville, Schenectady

County. The parcel is zoned residential but contains a run-down gas station which has recently been used as a seasonal fruit and vegetable stand for which a special use permit was issued. The owner proposes to remove the present structure and erect a national chain restaurant for which he has a 20-year lease. A variance was applied for and the Zoning Board of Appeals held a public hearing after which the board split two to two on a motion to deny the granting of the variance and likewise on a motion to grant the variance. Since the application failed to obtain a majority vote in favor, it was denied. The present court action was instituted and Special Term found that the denial of the variance was arbitrary and contrary to law. Petitioner presented evidence at the hearing that he was unable to obtain reasonable rental of the property under the existing permit because of, among other things, the proximity of large retail markets. Several real estate experts were of the opinion that the neighborhood was in a transitional period, that the present structure could not practically be converted to residential purposes and that the present commercial operation could not yield a reasonable return. It appears that the Town Board and the Planning and Zoning Commission of the Town of Glenville felt that a change in use would be advisable as the property was being used commercially under a permit, that the proposed development could then be closely regulated, and they agreed with the apparent generally held opinion that the property in its present condition was degrading the area and the proposed use would be more desirable. Although the record shows that it would not be practical to alter the present building which had previously been used commercially to meet residential requirements, that the permitted use could not yield a reasonable return, and that there was substantial commercial development in the area, there is a lack of evidence of the exact location and nature of these commercial enterprises. We believe the record indicates that petitioner's predicament is due to the prior use of the property and not because of a common hardship and since there is testimony that most of the housing in the immediate area along the highway is of an older type, that the neighborhood is in transition. Thus, it may be that in the event of a future application it might be possible to present specific evidence, sometimes difficult to establish at a public hearing, to support a request for a zoning variance; a showing as to the extent of the commercial development, its proximity to the subject property, the amounts invested, the time when various developments were constructed and the type of commercial enterprises. Judgment reversed, on the law and the facts, and petition dismissed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by Aulisi, J.